# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

## NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Newnan

JUN 13 2025

KEVIN P. WEIMER, Clerk
By: ____
Deputy Clerk

WILL HOLLOWAY SANDERS,
*Plaintiff,*
    v.
PIKE COUNTY, GEORGIA,
PIKE COUNTY BOARD OF
COMMISSIONERS,
BRIAR JOHNSON, Pike County
Commissioner
TIM DANIEL, Pike County
Commissioner
TIM GUY, Pike County Commissioner
JASON PROCTOR, Former Pike County
Commissioner, In his individual capacity
JAMES JENKINS, Pike County
Commissioner
BRANDON ROGERS, Former Pike County
Manager, In his individual capacity
JANE DOE
    *Defendants.*

**3:25-CV-142**

Civil Action No:

**COMPLAINT FOR CIVIL
RIGHTS VIOLATIONS**

**JURY TRIAL
DEMANDED**

## <u>VERIFIED COMPLAINT FOR</u>

## <u>PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND</u>

## <u>NOMINAL DAMAGES</u>

COME NOW Plaintiff, Will Holloway Sanders who brings this

complaint pursuant to 42 U.S.C 1983, and the First and Fourteenth

1

Amendments to the United States Constitution, for equitable relief and nominal damages, for the violation of the Plaintiff's First Amendment Rights.

## **INTRODUCTION**

1. Defendants created an Official Facebook page on or about May 15th, 2020. The Facebook name is "Pike County Board of Commissioners" and is labeled by Facebook as a "Government Organization" (Official Account).  The Official Account was under the control of the Pike County Board of Commissioners and Pike County Manager Brandon Rogers on June 23, 2023. The Facebook page of the Pike County Board of Commissioners had 87 Facebook posts that were open to any and all comments (until June 23rd, 2023) creating a Designated Public Forum and thusly creating the same protections as a "Traditional Public Forum". Pike County Board of Commissioners responded to 6 questions or comments from May 15th, 2020, to June 23rd, 2023. Pike County Board of Commissioners Facebook Page has 1.8k followers and is following 105.  Pike County, Georgia is home to approximately 20,461 residents as of 2023.

2.    Will Holloway Sanders is a Pike County, Ga resident who posted a comment on the Official Pike County Board of Commissioners Facebook page in the comment section portion of a Pike County Board of Commissioners Post about "How are Property Values Determined?" on June 23rd, 2023. Will Holloway Sanders, who is a fiscal conservative, posted "How did the budget go from 9 million to 17 million?". This comment was "liked" six (6) times. Pike County Board of Commissioners Facebook page "tagged" Will Sanders and replied with "Thank you for reading the Pike County Board of Commissioners page. Please keep in mind the Facebook page was created to share informative information about the county. Comments are not monitored on this page. If you have any questions or concerns please reach out to the Board of Commissioners office at 770-567-3406." Immediately after posting this comment, the Pike County Board of Commissioners "froze" this post by changing the settings on the post to prevent anymore comments, effectively denying the Plaintiff's Constitutional Right to Petition.

3. After this comment reply, Pike County Board of Commissioners turned off ALL comments on this specific post leaving the Plaintiff's

comment "frozen" with no opportunity to respond to Defendants. Facebook shows the Pike County Board of Commissioners post has been edited. This deliberate action by the Pike County Board of Commissioners denied Plaintiff's First Amendment right to free speech or to even respond after being "tagged" by the Pike County Board of Commissioners. Prior to the comment by Plaintiff, the Pike County Board of Commissioners Facebook Page was open to anyone to comment on any post thusly creating a traditional public forum. *Davidson v. Randall,* 912 F.3d 666,682 (4th Cir. 2019).

4. This denial of the Plaintiff's First Amendment Right made Debbie Grant Willis screenshot the Pike County Board of Commissioners post and then repost on our local Pike County, GA-Community/Business Page. Debbie Grant Willis post read as "Posted this morning. Comments were turned off within minutes of posting. I didn't know how to share to the community page other than a screenshot. This Facebook Post generated 135 comments.

5. The Pike County Board of Commissioners then commented on the post in the Pike County, GA- Community / Business Page.

6. Defendants conspired and enacted a plan of action to silent Plaintiff. Shortly thereafter, "Jane Doe" edited prior Pike County Board of Commissioners Facebook posts to give the appearance that the Pike County Board of Commissioners did not allow comments on their Facebook page. Defendants edited their posts retroactive to February of 2023. Sometime after June 10, 2024, Defendants edited their posts retroactive to the creation date of their page to give the appearance that the Official Page was originally created with no comments allowed.

7. On or after June 2024 the Pike County Board of Commissioners changed ALL comment sections to block/ban Plaintiff's right to speak in a traditional public forum as well as Plaintiff's right to petition the government for redress of grievances. This practice is unconstitutional. On August 30th, 2023, Pike County Manager Brandon Rogers replied to an Open Records Request sent in by Will Holloway Sanders explaining that Pike County's Facebook Page "was never intended to be a discussion page". Pike County Manager Rogers furthermore explained that the Pike County Facebook Page was "Originally when the page was created it was set to no

comments".  Pike County Manager Brandon Rogers lied about the creation and settings of the Facebook Page as the Pike County Board of Commissioners would respond to comments for over 3 years prior to the comment of Will Sanders.  Pike County Manager Brandon Rogers admitted in the email that the comment of Will Sanders was the catalyst to make the Pike County Board of Commissioners "block" comments on their Facebook page. *Viewpoint-based discrimination against speech in unlawful in all forums. Davidson v. Randall, 912* F,3d666,682 (4th Cir. 2019)

8. Will Holloway Sanders brings this action to vindicate his constitutional rights: to post comments on The Pike County Board of Commissioners Facebook page without any viewpoint discrimination.

## JURISDICTION AND VENUE

9.  This action arises under 42 U.S.C 1983 for violations of civil rights under the First and Fourteenth Amendments to the United States Constitution.

10.   The Court has subject matter jurisdiction under 28 U.S.C 1331 and 1343.

11.   Declaratory relief is authorized by 28 U.S.C 2201 and 2202.

12.   Venue is proper in this Court under 28 U.S.C 1391 (b)(2) because Pike County Board of Commissioners resides in the district and a substantial part of the events giving rise to this claim occurred in the District.

## **THE PARTIES**

13.   Plaintiff Will Holloway Sanders resides in Pike County, Ga and operates the Facebook account Will Sanders.

14.   Defendant Pike County, Ga is a County in the State of Georgia.

15.   Defendant Pike County Board of Commissioners in Pike County, Ga per the Georgia Constitution.

16.   Pike County Board of Commissioner Briar Johnson, in his Official capacity. Resides in the District.

17.   Pike County Board of Commissioner Tim Daniel, in his official capacity. Resides in the District.

18.   Pike County Board of Commissioner Tim Guy, in his official capacity. Resides in the District.

19.   Former Pike County Board of Commissioner Jason Proctor, in his individual capacity. Resides in the District.

20.    Pike County Board of Commissioner James Jenkins, in his official capacity. Resides in the District.

21.    Former Pike County Manager Brandon Rogers, in his individual capacity. Resides in the District.

22.    Jane Doe, in her official capacity, to be named later. Resides in the District.

## FACTS COMMON ON ALL COUNTS

23.    Plaintiff wishes to engage in constitutionally protected speech on the Official Account of the Pike County Board of Commissioners Facebook Page. Plaintiff seeks to comment and post on the Official Facebook Account as a whole and seeks unfettered access to all posts of the Official Facebook Account.

24.    The Pike County Board of Commissioners Facebook Account was

created on or about May 15th, 2020.



25.    The Pike County Board of Commissioners Facebook Account is

labeled as "Government Organization". The post published in this

Official Account generally concerns the Pike County Board of

Commissioners and its official business.

26.    Until June 23rd, 2023, The Pike County Board of Commissioners

Facebook page was open to any and all comments from anyone with a

Facebook Account.

 **Pike County Board of Commissioners**
June 5, 2020 · 🌐                                                    • • •

The Pike County Tax Assessor's office is required to estimate the FAIR MARKET VALUE of all properties real and personal within the county.

The Assessor's office, with the assistance of a third party vendor, studied the 2018 and 2019 market sales and determined we were under-assessing properties. The base cost price per square foot of a residence in the county was increased. This was then applied to each and every home in the county.

What you see in your tax notice is a new ... **See more**

 3                                                    5 comments  9 shares

 Like                  Send                  Share

  Pike County Board of Commissioners limited who can comment on this post.

 **Debbie Grant Willis**
What, if any, documents does one need to have in hand prior to the call?

4y   Like

  ✎ Author
**Pike County Board of Commissioners**
**Debbie Grant Willis** good morning, no documents are required prior to the call. Mr. Hobbs will be glad to assist you with any questions you may have.

4y   Like

10



**Pike County Board of Commissioners**
August 5, 2020 · 🌐

Work will begin on Lifsey Springs Road culvert replacement beginning Monday, August 10, 2020. The road will be closed at this location and should be back open by the end of that week, August 14, 2020.

2 comments

👍 Like                    📞 Send                    ↪ Share

💬 Pike County Board of Commissioners limited who can comment on this post.

**Amanda Turner**
Dang! Is there an estimate time frame for Concord Road?????

4y    Like

🖉 Author
**Pike County Board of Commissioners**
**Amanda Turner** Bids have been received and Concord Road is on the Board of Commissioners agenda for August 12th meeting at 9:00 a.m. for awarding the Bid

4y    Like

**Pike County Board of Commissioners**
September 14, 2020 · 🌐

# Midway Road culvert replacement is complete and road is open for traffic.

👍 1                                1 comment  3 shares

👍 Like                    📞 Send                    ↪ Share

💬 Pike County Board of Commissioners limited who can comment on this post.

**Roberta Martin**
Why isn't something being done to Concord Road? What is the hold up?

4y    Like

11

27.  All was well and was working as intended for the Pike County Board of Commissioners Facebook Page for over three years until June 23rd, 2023, comment of Plaintiff Will Sanders.

## Pike County Board of Commissioners's Post                    ✕

-Examine land sales
-Analysis Land schedules
-Analysis Market Trends
-Examine New Construction Sales
-Examine all sales collectively, remove all non-market sales
-Compare New Construction base $/SF to Existing base $/SF
-Change the schedules, if warranted
-Again, generate a Sales Ratio Study after these changes are made
-Next, we look at area from neighborhood activity. This accomplished by generating a ratio study for each area or neighborhood.
-During this process, sales are qualified or not qualified to be used to determine market market.
-Ratio studies are run once again. If still out of compliance, the appraisal staff will make adjustment accordingly.
-Once these are corrected, the overall ratio is generated to determine if values are in compliance, uniform and without bias.

Thank you for allowing us to explain how values are determine. Please understand the county values must be complementary of market sales. Also know that the tax calculation at the bottom of your notice of an ESTIMATE ONLY. The tax levying authorities can reduce their millage rates to offset any value increase.

 4                                                    2 comments   3 shares

   👍 Like                        💬 Send                        ↝ Share

   Pike County Board of Commissioners limited who can comment on this post.

Most relevant ▾

**Will Sanders**
How did the budget go from 9 million to 17 million?

1y   Like                                              6 

  ↗ Author
**Pike County Board of Commissioners**
**Will Sanders** Thank you for reading the Pike County Board of Commissioners page. Please keep in mind the Facebook page was created to share informative information about the county. Comments are not monitored on this page. If you have any questions or concerns please reach out to the Board of Commissioners office at 770-567-3406.

1y   Like   Reply

28.  Until this point there were no restrictions on any sort present on the Official Facebook page of the Pike County Board of Commissioners any person could comment about any topic. After the Plaintiff's comment, The Pike County Board of Commissioners made sweeping changes to their Facebook page that silenced the Plaintiff and the entire community.

29. The Pike County Board of Commissioners Official Facebook page, in its entirety is a designated public forum and from its inception has been open to all comments on every topic, by every person.

30. This Official Account from its inception and over the course of years, sought public comment and to interact with the public absent any limitation, actively seeking interaction with the public.

31. On information and belief, the comment made by Plaintiff on June 23rd, 2023, set in motion the Pike County Board of Commissioners to "block" any future comments based solely on one single comment made by Plaintiff. This "blocking" of comments was due to the viewpoint expressed.

32. On information and belief, these restrictions placed on the Official Facebook page were put in place to silence only Plaintiff.

33. Pike County Board of Commissioners has never utilized Forum-wide Restrictions and has only placed Per-Post Restrictions on posts AFTER June 23rd, 2023.

34. Facebook does not allow users to bar all comments or interaction through a alteration of settings alone, such can only be accomplished through settings and additional actions.

35. Pike County Manager Brandon Rogers tried to explain how Plaintiff's comment set things in motion to restrict the entire Facebook page of the Pike County Board of Commissioners.



36. Plaintiff, on information and belief, has never made a comment that is pornographic, obscene, threatening, inciting violence, or

otherwise not protected by the First Amendment on the Official Facebook Page on the Pike County Board of Commissioners.

37. Moreover, these restrictions placed on posts since June 23rd, 2023, act as a prior restraint to the vast number of public users and commenters.

## COUNT I

## Retaliation for exercise of First Amendment Free Expression under 42 U.S.C 1983

38. Plaintiff incorporates all allegations set forth above as if set forth here at length.

39. Will Sanders engaged in constitutionally protected speech on June 23rd, 2023 by commenting on the Official Facebook page of the Pike County Board of Commissioners.

40. Specifically, the comment made on June 23rd, 2023, referenced in paragraph 2 and 27 was speech protected by the First Amendment ("Actively Punished Speech").

41. Defendants "froze" the post so no one could post a comment, and Defendants censored Will Sanders from being able to respond after being "tagged" by Defendants. This effectively has silenced

Will Sanders from any post on the Pike County Board of Commissioners Facebook page.

42. Moreover, Defendants have prevented Will Sanders from making new comments similar to the Actively Punished Speech on newly published posts on their Official Facebook page.

43. Moreover, the restrictions set forth on June 23rd, 2023, has blocked Plaintiff from commenting on current posts is a prior restraint on Plaintiff's future speech.

44. On information and belief both the Per-Post Restrictions that Defendants has put in place and the "frozen" comment of the Actively Punished Speech was the results of the viewpoint expressed by Will Sanders, the viewpoints of the protected speech was the but for cause of both the retaliatory "frozen" comment and the Per-Post Restrictions put in place by Defendants.

45. Plaintiff was damaged by the conduct of the Defendants related above and are suffering ongoing injury as a result of the retaliation complained of above.

46. Monetary relief will not fully recompense Plaintiff for this continuing and irreparable injury.

47. Plaintiff seeks injunctive relief requiring Defendants to (1) cease its unlawful practice of retaliatory censorship of Plaintiff's comment on their Facebook page due to viewpoint discrimination and to restore all posts to no Pre-Post Restrictions.

## COUNT II

## Violation of Plaintiff's First and Fourteenth Amendment Right to Free Speech under 42 U.S.C. 1983

48. Plaintiff incorporates paragraphs 1-38 and 39-46 as if set forth here fully at length.

49. Speech utilizing Facebook and other social media pages for governmental bodies is subject to the same First Amendment protections as any other speech.

50. The Official Account is a designated public forum, or alternatively a limited public forum.

51. Speech posted on the Official Account, specifically the speech of Plaintiff made on the Official Account and wish to make on the Official Account, is protected speech.

52. Defendants' retaliatory censorship, including the "frozen" comment and the censorship of speech based on viewpoint

constitutes a viewpoint discrimination and violates the First Amendment.

53. Defendants' prospective censorship of Plaintiff's speech through Per-Post Restrictions constitutes a prior restraint and violates the First Amendment.

54. Defendants' Per Post Restrictions were put in place to suppress speech based on the viewpoint expressed by Plaintiff and is forbidden under the First Amendment.

55. Defendants violated and continues to violate the clearly established constitutional right of Plaintiff.

56. The Plaintiff, as well as all of the members of the public who are subject to unconstitutional restrictions, are suffering an ongoing irreparable injury, namely they are being prevented from exercising their First Amendment rights.

57. There exists an actual controversy as to whether the above actions violate the First Amendment and a judicial declaration as well as injunction are necessary.

58. Plaintiff seeks injunctive relief requiring Defendants to (1) cease its unlawful practice of retaliatory censorship of Plaintiff's

comment on their Facebook page due to viewpoint discrimination and to restore the Facebook posts to their original intended status before the posts were "frozen". (2) Restore posting privileges to all posts to allow anyone to comment on said posts. (3) Require Defendants to set forth clear written standards that limit discretion of Defendants should the Defendants attempt to regulate future speech on the Official Account concurrently with the implementation of any such future regulation.

59. Plaintiff seeks a declaration that the acts described above violate the First Amendment; Plaintiff specifically requests that the Court declare that the retaliatory imposition of Per-Post Restrictions based on viewpoint violates the First Amendment.

60. Because Plaintiff has suffered damage, as a result of the actions set forth above, the plaintiff seeks nominal damages in the amount of $3.50 against the Defendants.

WHEREFORE, Plaintiff respectfully request this court:

A. Assume jurisdiction over this action;

B. Hold a jury trial on all issues so triable;

C. Award nominal damages to Plaintiff against Defendants in the amount of $3.50 or any other amount to be determined by jurors;

D. Award reasonable attorney's fees, expenses, and cost of litigation pursuant to 42 U.S.C 1988 and other applicable law;

E. Enter the preliminary injunction relief, requested in the concurrently filed motion for preliminary injunction, and schedule a hearing for the same as soon as reasonably practicable;

F. Declare the actions of Defendants, including the retaliatory imposition of Per-Post Restrictions, to be view-point based restrictions in violation of the First Amendment.

G. Enter a mandatory injunction requiring Defendants to restore commenting privileges to all posts since the Official Account creation of May 15th, 2020. Require the Defendants to set forth clear standards that limit the discretion of Defendants should the Defendants attempt to regulate future speech on the Official Account with the implementation of the regulation put in place.

H. Award such other and further relief as this Court deems just and proper. Respectfully submitted this day of June 2025.

Will Holloway Sanders

Pro se

Will Holloway Sanders

PO Box 1281

Zebulon, Ga 30295

(470)454-8016

willhsanders@hotmail.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

WILL HOLLOWAY
SANDERS,

Plaintiff,

v.

PIKE COUNTY, GA

PIKE COUNTY BOARD OF

COMMISSIONERS, ETAL

Defendants.

No.: _____

## VERIFICATION OF WILL HOLLOWAY SANDERS

I, Will Holloway Sanders, am the plaintiff in this action and fully familiar with the facts related in this Complaint and have personal knowledge of the same. I have read the complaint and understand its contents. After reviewing the complaint, I verify that all allegations contained therein are true to the best of my knowledge. Pursuant to 28 U.S.C. 1746, I verify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 13th, 2025.

Milner, Georgia

Will Holloway Sanders